IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 22, 2002 On-Briefs

## STATE OF TENNESSEE, ex rel. FRANKIE DAVIS (GANT) v. JASON DAVIS

**A Direct Appeal from the Chancery Court for Gibson County**
**No. 93707     The Honorable George R. Ellis, Judge**

_____

**No. W2001-01842-COA-R3-CV - Filed July 8, 2002**

_____

In this post-divorce proceeding, the State of Tennessee filed a petition against Mr. Jason Davis (hereinafter "Father") for contempt and seeking child support arrears ordered to be paid to the custodial parent, Ms. Frankie Davis (Gant) (hereinafter "Mother"). The trial court granted the State a judgment in the amount of $1,660.00, representing the amount of State assistance paid to the Mother and children, to be liquidated by the Father at the rate of $10.50 per week. The State has appealed. We affirm as modified in part, reverse in part, and remand.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed as Modified in Part, Reversed in Part, and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY KIRBYLILLARD, J., joined.

Paul G. Summers, Attorney General & Reporter, Stuart F. Wilson-Patton, Senior Counsel, for Appellant, State of Tennessee, ex rel., Frankie Davis (Gant)

No brief submitted by appellee.

**OPINION**

According to the "Decree Awarding Absolute Divorce" filed in the Chancery Court of Gibson County, Tennessee, the parties were divorced on November 22, 1996, and have two (2) minor children. The trial court awarded custody of the children to Mother with reasonable visitation extended to Father. The court also ordered Father to pay $79.00 per week as child support plus commission by wage assignment. The Father failed to pay the child support as ordered and, at some

point not clear in the record, the Mother applied for and began receiving public assistance benefits from the State of Tennessee for herself and her two minor children.

On December 18, 2000, the State filed a "Petition for Contempt and Attachment" in the Chancery Court of Gibson County, Tennessee, which provides in pertinent part:

> 1. That an Order of Absolute Divorce Decree was entered by the Gibson County Chancery Court in Humboldt, Tennessee on November 15, 1996, whereby Respondent, Jason Davis, was ordered to pay $79.00 every week for the support of James D. Davis, born July 25, 1994, Symantha L. Davis born August 7, 1990.
>
> 2. That the Respondent is more than thirty days in arrears and pursuant to TCA 36-5-101 (b), the Court has the discretion to issue an attachment for the Respondent and set a bond of not less than $250.00 and not more than the amount of the arrears.
>
> 3. That said payments have not been made as ordered, as evidenced by the attached "EXHIBIT A," and that the total accumulated arrearage amounts to $12,824.90 as of October 16, 2000.
>
> 4. That the Respondent is able bodied, capable of pursuing gainful employment, and that failure to make these payments as ordered constitutes a willful contempt of the Orders of this court.
>
> 5. That this is the first citation for contempt of Court in this cause.

By order filed on May 21, 2001, the trial court found that the parties have reconciled and, thereby, terminated the current child support effective December 24, 2000. The trial court continued the matter to May 25, 2001, to determine arrears.

On May 25, 2001, an evidentiary hearing was conducted and the trial court entered and filed its order on June 22, 2001, which provides in pertinent part:

> That the State of Tennessee is granted a judgment in the amount of $1,660.00.
>
> The Respondent shall liquidate the judgment at the rate of $10.00 per week plus statutory fee of $0.50 for a total of $10.50 per week until paid in full.
>
> The Court finds that the custodial parent is not seeking reimbursement of arrears.

The State has appealed and raises the following three (3) issues as stated in the State's brief:

    I.  Whether the trial court erred by retroactively terminating the current child support in the absence of either a petition or motion for modification.

    II.  Whether the trial court erred by granting the State a judgment against the appellee only in the amount of the public assistance benefits provided to his family.

    III.  Whether the trial court erred by setting the appellee's payments on the State's child support arrearage judgment at only $10.00 per week.

Since this case was tried by the trial court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

We will now address the appellant's issues.

The State first argues that the trial court erred by retroactively terminating current child support in the absence of either a petition or a motion for modification and by forgiving $13,614.90 in child support arrears on grounds that the Mother was not seeking reimbursement of the arrears. We agree. Tenn. Code Ann. § 36-5-101(a)(5) (2001) provides:

> Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state and shall be entitled to full faith and credit in this state and in any other state. Such judgment shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties. If the full amount of child support is not paid by the date upon which the ordered support is due, the unpaid amount is in arrears and shall become a judgment for the unpaid amounts and shall accrue interest from the date of the arrearage at the rate of twelve percent (12%) per annum. All interest which accumulates on arrearages shall be considered child support. Computation of interest shall not be the responsibility of the clerk.

Furthermore, our Supreme Court has held in ***Rutledge v. Barrett***, 802 S.W.2d 604 (Tenn. 1991) that pursuant to the above statute, a child support order is not subject to retroactive modification. ***Id***. at 605-607; see also ***Alexander v. Alexander***, 34 S.W.3d 456, 460 (Tenn. Ct. App. 2000)(providing that "a court has no power to alter a child support award as to any period of time occurring prior to the date on which [a parent] files his or her petition.").

In the present case, although the parties have not formally filed a petition or motion to modify child support as originally ordered by the trial court on November 22, 1996, the parties informed the trial court of their reconciliation during a hearing on April 27, 2001 upon the State's petition. This stipulation in open court is binding on the parties, and the current support is terminated as of April 27, 2001.

It is settled law that trial courts are vested with wide discretion in matters relating to child custody and support. *Campanali v. Campanali*, 695 S.W.2d 193, 196 (Tenn. Ct. App. 1985). According to Tenn. Code Ann. § 36-5-101(a)(1) (2001), a court may order an increase or decrease in the amount of child support only upon a showing of substantial and material change of circumstances. *Id*. The party seeking modification in alimony or child support has the burden of showing a substantial and material change in circumstances. *Seal v. Seal*, 802 S.W.2d 617, 620 (Tenn. Ct. App. 1990). Such a change in circumstances is not material if it was contemplated by the parties at the time they entered an alimony or support agreement. *Seal*, 802 S.W.2d at 620.

Therefore, we find that the trial court erred in retroactively terminating and forgiving child support prior to April 27, 2001, when the Father and Mother informed the trial court of their reconciliation.

The State also argues that the trial court erred by granting the State a judgment against the Father only in the amount of the public assistance benefits provided to the family. The State correctly points out that based on the federal child support distribution scheme and the payments set by the trial court, the Mother will actually receive all of the arrears paid, and the State will not be paid at all. *See* 42 U.S.C.A. § 657(a)(2)(B)(i)(II)(bb) and (ii)(II)(bb) (2002).

The State concedes that under the federal child support distribution scheme, 42 U.S.C.A. § 657(a)(2)(B)(i)(II)(bb) and (ii)(II)(bb) (2002), the State's right to reimbursement is limited to $1660.00 in this case, the amount of benefits paid to the family. Also, there is no evidence in the record that the Mother was on public assistance as of April 27, 2001, and the State correctly points out that although the trial court clearly intended for the State to be reimbursed for the $1660.00 in public assistance benefits, the State will never receive any of the money.

Furthermore, Tenn. Code Ann. § 71-3-124 (2001) provides in pertinent part:

> (a)(1) Each applicant or recipient who receives or authorizes payment of public or temporary assistance pursuant to Title IV-A or IV-E of the Social Security Act or any successor program providing temporary assistance or foster care or adoption assistance shall be deemed to have assigned to the state any rights to support from any other person such applicant or recipient may have:

(A) In the applicant's own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid; and

(B) Which have accrued at the time such assignment is executed.

According to this statute, when Ms. Davis and her children received the public assistance benefits, she automatically assigned to the State her rights to receive child support from the Father in the amount of the benefits received.

Therefore, under this record in this case, we find that the trial court erred in granting the State a judgment against the Father only in the amount of the public assistance benefits provided to his family.

Lastly, the State argues that the trial court erred by setting the appellee's payments on the State's child support arrearage judgment at only $10.00 per week. We agree. The transcript of the proceedings provides in pertinent part:

THE COURT: All right. How are you going to pay this 1660.00? You've got to pay this because this is what the State of Tennessee –

MR. DAVIS: I don't mind paying it. I can pay $10.00 a week. That's all I can pay, Your Honor. But right now that's all I can afford.

THE COURT: Okay, I'll order that 1660.00 owed to the State of Tennessee, be ordered to pay 10.00 a week until paid in full. And I further find that the custodial parent is not seeking reimbursement for any arrears owing.

The State correctly points out that the Father had the ability to pay $79 per week as of November of 1996 and the trial court did not make a sufficient factual inquiry to support arrearage payments of only $10.00 per week. As noted above in the transcript of the proceedings, the trial court did not inquire into the Father's income or expenses, nor did the trial court afford the State any opportunity to cross-examine the Father on this issue. In dealing with a similar problem concerning the reasonableness of the arrearage installment payments, this Court, in *Tallent v. Cates*, No. E1999-01168-COA-R3-CV, 2000 WL 823466 at **7 (Tenn. Ct. App. June 27, 2000), stated:

While we do not have before us the kind of "initial support" order contemplated by the regulation, we consider it to be persuasive on (1) the use of the obligor's current income and (2) the goal of repayment within a reasonable time. Accordingly, we direct that the Trial Court

shall consider those as factors in setting a payment plan that will cover the post judgment interest and result in the judgment being satisfied within a reasonable period of time.

*Id*.; *see State ex rel. Armstrong v. Coleman*, No. W2000-01122-COA-R3-CV, 2001 WL 557991 at **6 (Tenn. Ct. App. May 24, 2001).

Therefore, we find that the trial court erred in setting the Father's payments on the State's child support arrearage judgment at only $10.00 per week.

Accordingly, the judgment of the trial court is modified to terminate current child support as of April 27, 2001 and as modified the termination of current child support is affirmed. The judgment in all other respects is reversed, and the case is remanded to the trial court for determination of child support arrearages to April 27, 2001. The trial court should also make a determination as to a reasonable amount of installment payments for the arrearage consistent with this Opinion. Costs of the appeal are assessed against the appellee, Jason Davis.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.